MENOMINEE COMMUNITY BUILDING CO. v. RUECKERT.

1. CORPORATIONS — SUBSCRIPTION AGREEMENTS — VARIATION — RE-
LEASE.
   Where the main purpose of creating a corporation was the erec-
   tion of a community building, and this purpose was not de-
   parted from, the fact that the purpose expressed in the articles
   of incorporation was somewhat broader than that stated in the
   subscription agreement is not such a variation as will release
   - a signer for stock from his obligation; there being no repudia-
   tion of his agreement, or objection made to the proceedings
   taken until action was commenced against him to compel pay-
   ment.

2. LICENSES—BLUE-SKY LAW—SOLICITOR OF SUBSCRIPTION AGREE-
MENTS NOT UNDER ACT.
   One who solicits subscriptions to stock in a proposed corporation
   is not a salesman governed by the provisions of the blue-sky
   law (Act No. 220, Pub. Acts 1923, § 5, subd. f), and there-
   fore subscription agreements secured by him are not void be-
   cause he had no license under said act.

Case-made from Menominee; Bell (Frank A.), J.
Submitted October 12, 1928. (Docket No. 32, Cal-
endar No. 33,936.) Decided December 4, 1928. Re-
hearing denied March 29, 1929.

Assumpsit by the Menominee Community Build-
ing Company against August Rueckert on a sub-
scription for corporate stock. Judgment for plain-
tiff on a directed verdict. Defendant appeals.
Affirmed.

*Doyle, Doyle & Doyle,* for appellant.

*John J. O'Hara* (*Matt F. Bilek,* of counsel), for
appellee.

Sharpe, J. Defendant, in response to a "community drive" in the city of Menominee, signed a document, dated December 5, 1924, wherein he agreed to subscribe for the purchase of 10 shares of the capital stock of the par value of $100 each in a corporation to be organized under the laws of this State, the object of which was stated therein to be—

"to buy and hold a parcel of real estate in the city of Menominee and erect thereon and own a building to be occupied or leased for a department store, moving picture theater, office and other business and recreational purposes."

Certain persons were designated therein to act as his attorneys in fact to sign and to acknowledge the articles of association of the company to be formed. These articles were executed on March 13, 1925. The purposes of the corporation were therein stated to be:

"To purchase, hold, sell, improve and lease real estate, and mortgage and incumber the same, and to erect, manage, care for, and maintain, extend and alter buildings thereon."

Many of the citizens acted as solicitors, and there were more than 1,500 subscribers. The subscription of the defendant was secured by John J. O'Hara. O'Hara did not have a salesman's license, nor was any dealer's license secured by the incorporators. This action is brought by the corporation to compel payment by defendant of the amount due on his subscription agreement. The plaintiff had judgment upon a directed verdict, and the defendant seeks review on case-made.

Defendant's counsel contend that he is not liable because (1) of the variation between the purposes

as expressed in the subscription agreement and the articles of incorporation, and because (2) the agreement was procured in violation of law.

1.   The wording of the agreement and the articles has been already stated.   The incorporation was, of course, a condition precedent to defendant's liability.

"A material change in the character of the enterprise, the capital stock, or purpose of the proposed company releases those who do not assent thereto." 1 Cook on Corporations (8th Ed.), § 62.

The corporation when organized "must, as to its purposes, powers, and otherwise, be the same corporation as that contemplated by the subscription agreement."   14 C. J. p. 518.   But, as is said in 7 R. C. L. p. 258:

"Subscribers in many cases have been astute to discover grounds upon which to defeat their contracts, and numerous and ingenious are the defenses that have been interposed in actions on subscriptions.   The tendency of the courts very properly has been to discourage these efforts of subscribers to repudiate their acts."

The trial court held that "the organization was in substantial accord with the subscription," and with this conclusion we agree.   While the purpose as expressed in the articles is somewhat broader than that stated in the agreement, the organization was in effect the one contemplated therein.   The main purpose—that of erecting a community building— was not departed from.

The subscription agreement was signed on December 5, 1924.   The articles of association were executed on March 13, 1925.   The first meeting of the stockholders was regularly called for May 21st.

Defendant did not personally attend the meeting, though urged to do so. He gave his proxy to John J. O'Hara, who was present and voted his 10 shares of stock. Those present selected the site and authorized the directors then elected to proceed with the work. Notices requesting payment were sent to the several subscribers. The record does not disclose that defendant, although chargeable with notice of what had been done, raised any objection to the proceedings had or taken. His first denial of liability would seem to have been when this action was begun. There was no repudiation of the agreement by him as there was in *Plank's Tavern Co.* v. *Burkhard,* 87 Mich. 182. He should not now be heard to say that he is released from liability by the action taken. *International Fair Ass'n* v. *Walker,* 83 Mich. 386.

2. It is conceded that Mr. O'Hara, who solicited and obtained defendant's subscription, had not obtained a license as a salesman, nor were the proposed incorporators authorized to sell stock by the Michigan securities commission. It is urged that the subscription was obtained in violation of Act No. 220, Pub. Acts 1923 (the blue sky law). Section 5 of this act provides:

"And, except as hereinafter provided, the provisions of this act shall not apply to the sale of any security in any of the following transactions: * * *

"(*f*) Subscriptions to capital stock necessary to qualify for incorporation made by incorporators in a proposed Michigan corporation."

In *Decke* v. *Baker,* 201 Mich. 608, this court approved the holding of the trial court wherein it was said:

"Subscribers are not purchasers of stock within the purview of the securities statute; they are cre-

ators of the corporation as much as are those who execute the articles of incorporation in behalf of all.''

The solicitor who secured defendant's subscription was not a salesman governed by the provisions of that act.

The judgment is affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.